# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **KEVIQUE TECHNOLOGY, LLC** § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. |
| § | |
| v. § | JURY TRIAL DEMANDED |
| § | |
| **TCT MOBILE, INC.** § | |
| **AND TCT MOBILE (US), INC.** § | |
| § | |
| Defendants. § | |

## COMPLAINT FOR INFRINGEMENT OF PATENT

COMES NOW, Plaintiff Kevique Technology, LLC ("Kevique" or Plaintiff), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin co-defendant TCT Mobile, Inc. and co-defendant TCT Mobile (US), Inc., (collectively, the "Defendants") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Kevique, from U.S. Patent No. 7,808,483 (the "'483 patent") pursuant to 35 U.S.C. § 271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2. Plaintiff Kevique is a Texas entity with its principal place of business at 6401 Eldorado Pkwy, Suite 1000, McKinney, TX 75070.

3. Upon information and belief, TCT Mobile, Inc. is a Delaware corporation with its principal place of business at 25 Edelman, Suite 200, Irvine, California 92618. On information and

belief, TCT Mobile Inc. may be served with process through its agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

4. Upon information and belief, TCT Mobile (US) Inc. is a Delaware corporation with its principal place of business in Irvine, California. This Defendant may be served with process through its agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

6. This Court has personal jurisdiction over Defendants by virtue of their systematic and continuous contacts with this jurisdiction, as alleged herein, as well as because of the injury to Kevique, and the cause of action Kevique has risen, as alleged herein.

7. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district. Upon information and belief, Defendants, directly and/or through its distribution network, place accused devices, as defined below, within the stream of commerce, with the knowledge and/or understanding that such accused devices will be sold in this District. Upon information and belief, Defendants have engaged in substantial and not isolated activity within this District.

Therefore, exercise of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice. Such an exercise is consistent with the Texas long-arm statute.

8. Defendants have conducted and does conduct business within the state of Texas, including the geographic region within the Eastern District of Texas, directly or through intermediaries, resellers or agents, or offers for sale, sells, advertises (including through the use of interactive web pages with promotional material) products or services, or uses services or products in Texas, including this judicial district, that infringe the '483 patent.

9. Specifically, Defendants solicit business from and market their services to consumers within Texas, including the geographic region within the Eastern District of Texas, by offering electronic products comprising moving a graphical object including a display device, a processor configured to control movement of a graphical object in the display device, and an input device that includes a sensor for sensing movement of the input device and generating a first signal indicating the sensed movement and an input element for generating a second signal when operated.

10. In addition to Defendants continuously and systematically conducting business in Texas, the causes of action against Defendants are connected (but not limited) to Defendants' purposeful acts committed in the state of Texas, including the geographic region within the Eastern District of Texas, including Defendants' making, using, offering for sale, or selling removable articles of manufacture that fall within the scope of at least one claim of the '483 patent.

11. Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## JOINDER

12. Defendants are properly joined under 35 U.S.C. §299(a)(1) because a right to relief is asserted against the parties jointly, severally, and in the alternative with respect to the same

transactions, occurrences, or series of transactions or occurrences relating to the making, using, importing into the United States, offering to sell, and/or selling the same accused products. Specifically, as alleged in detail below, Defendants are alleged to infringe the '483 patent with respect to the same products.

13. Defendants are properly joined under 35 U.S.C. §299(a)(2). Questions of fact will arise that are common to all defendants, including for example, whether Defendants' products have features that meet the features of one or more claims of the '483 patent, and what reasonable royalty will be adequate to compensate the owner of the '483 patent for their infringement.

14. Defendants use, make, sell, offer to sell and/or import products that, when used, infringe on the '483 patent.

15. At least one right to relief is asserted against these parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering to sell, or selling of the same accused product and/or process.

## FACTUAL ALLEGATIONS

16. On August 21, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '483 patent, entitled "System and Method for Processing a Voice Mail" after a full and fair examination.

17. The '483 patent contains three (3) independent claims and seventeen (17) dependent claims.

18. Kevique includes a true, accurate, correct, and legible copy of the '483 Patent as **Exhibit A** of this Complaint and incorporates it by reference herein, making it part of the Complaint for all legal, procedural, and/or evidentiary purposes.

19. Kevique is presently the owner of the '483 patent, having received all right, title and interest in and to the '483 patent from the previous assignee of record. Kevique possesses all rights of recovery under the '483 patent, including the exclusive right to recover for past infringement.

20. The invention claimed in the '483 patent is directed to a system and method for moving a graphical object including a display device, a processor configured to control movement of a graphical object in the display device, and an input device that includes a sensor for sensing movement of the input device and generating a first signal indicating the sensed movement and an input element for generating a second signal when operated.

## DEFENDANTS' PRODUCTS

21. Defendants' system and method, such as the Alcatel OneTouch Idol 3 Smartphone (the "Accused Instrumentality"), comprises a computer input device. For example, the Accused Instrumentality includes a computer input device comprising a sensor (e.g., an Accelerometer sensor) and an input element (e.g., a touchscreen).

22. The Accused Instrumentality comprises a sensor configured to sense movement of the input device and, for each sensed movement, generate a respective first signal indicating the respective sensed movement. For example, the Accelerometer sensor is configured to sense rotation of the Accused Instrumentality and generates a respective first signal indicating the respective sensed movement (e.g., rotation).

23. The Accused Instrumentality comprises an input element configured to generate a second signal when operated. For example, the touch display is an input element configured to generate a second signal when operated.

24.     The Accused Instrumentality is adapted for transmitting data to a processor thereby instructing the processor to move a graphical object in a direction corresponding to a direction of the movement indicated by the respective first signal. For example, the Accused Instrumentality can be rotated into landscape/portrait view, by selecting/deselecting the Auto-rotate screen option, as required.

25.     The Accused Instrumentality operates such that, in a response to the generation of the second signal, either responsiveness to the first signal by the processor may be inhibited or correspondence of movement of the graphical object to the movement indicated by the first signal may be reversed. For example, a user can use the touch display in the display screen to tap the Auto-rotate screen icon to turn off the screen rotation.

26.     The Accused Instrumentality include functionality of the input element for causing the one of the (a) inhibition of the responsiveness and (b) reversal in correspondence is provided on an application-by-application basis, such that the functionality is conditional upon that the graphical object being in an active display environment of one of a predefined subset of a plurality of applications when the input element is initially activated. For example, the functionality for causing the inhibition of the responsiveness (e.g., causing the settings panel to not rotate when the Auto-rotate screen icon is tapped by touch) is provided on an application by application basis, as the graphical object is in an active display environment of the settings application, which is one of a predefined subset of a plurality of applications for the Accused Instrumentality. Further, the functionality for causing the inhibition of the responsiveness (e.g., causing the quick settings panel to not rotate when the Auto-rotate screen icon is tapped by touch) is provided on an application by application basis, as this functionality is not applicable in some other environments (e.g., camera, games, or third party applications).

27.     The elements described in paragraphs 21-26 are covered by at least claim 1 of the '483 patent. Thus, Defendants' use of the Accused Instrumentality, including the use by Defendants' customers and employees, is enabled by the system and method described in the '483 patent.

## INFRINGEMENT OF THE '483 PATENT

28.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 27.

29.     In violation of 35 U.S.C. § 271, Defendants are now, and have been directly infringing the '483 patent.

30.     Defendants have had knowledge of infringement of the '483 patent at least as of the service of the present complaint.

31.     Defendants have directly infringed and continue to directly infringe at least claim 1 of the '483 patent by making, using, importing, offering for sale, and/or selling the Accused Instrumentalities through its website without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendants' direct infringement of the '483 patent, Plaintiff has been and continues to be damaged.

32.     By engaging in the conduct described herein, Defendants have injured Kevique and are thus liable for infringement of the '483 patent, pursuant to 35 U.S.C. § 271.

33.     Defendants have committed these acts of infringement without license or authorization.

34.     As a result of Defendants' infringement of the '483 patent, Kevique has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

35. Kevique will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court. As such, Kevique is entitled to compensation for any continuing and/or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

36. Kevique demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Kevique prays for the following relief:

   a.   That Defendants be adjudged to have directly infringed the '483 patent, either literally or under the doctrine of equivalents;

   b.   That Defendants, their officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '483 patent;

   c.   An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Kevique for the Defendants' past infringement and any continuing or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

   d.   An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

   e.   That Defendants be directed to pay enhanced damages, including Kevique's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

   f.  That Kevique have such other and further relief as this Court may deem just and proper.

Dated: April 7, 2016       Respectfully Submitted,

               By: */s/Eugenio J. Torres-Oyola*
               Eugenio J. Torres-Oyola
               USDC No. 215505
               **Ferraiuoli LLC**
               221 Plaza, 5th Floor
               221 Ponce de León Avenue
               San Juan, PR 00917
               Telephone: (787) 766-7000
               Facsimile: (787) 766-7001
               Email: etorres@ferraiuoli.com

               Jean G. Vidal Font
               USDC No. 227811
               **Ferraiuoli LLC**
               221 Plaza, 5th Floor
               221 Ponce de León Avenue
               San Juan, PR 00917
               Telephone: (787) 766-7000
               Facsimile: (787) 766-7001
               Email: jvidal@ferraiuoli.com

               **ATTORNEYS FOR PLAINTIFF**
               **KEVIQUE TECHNOLOGY, LLC**